# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, STATE OF KANSAS,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLERGAN PLC; ALLERGAN USA, INC.; ACTAVIS, INC.; WATSON PHARMACEUTICALS, INC. n/k/a ACTAVIS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. f/k/a WATSON PHARMA, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; PAR PHARMACEUTICAL COMPANIES, INC.; PAR PHARMACEUTICAL, INC.; JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON; MYLAN N.V.; MYLAN PHARMACEUTICALS, INC.; MYLAN INSTITUTIONAL, INC.; HIKMA PHARMACEUTICALS USA INC. f/k/a WEST-WARD PHARMACEUTICALS CORP.; JOHN KAPOOR, an individual; MICHAEL BABICH, an individual; AMERISOURCEBERGEN CORPORATION; AMERISOURCEBERGEN DRUG CORPORATION; CARDINAL HEALTH, INC.; CARDINAL HEALTH 5, LLC; CARDINAL HEALTH, 100, INC.; CARDINAL HEALTH 110, INC.; CARDINAL HEALTH 122, LLC; CARDINAL HEALTH 132, LLC; CARDINAL HEALTH 200, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH PHARMACY SERVICES, LLC; STEVEN SIMON, M.D., an individual; DOES 1 THROUGH 1000;<br><br>    Defendants. | Case No.: 5:20-cv-4022<br><br>    Action Filed: March 19, 2020<br>Amended Petition Filed: April 15, 2020<br>    Action Served: March 31, 2020<br><br><br>**DEFENDANTS JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., AND JOHNSON & JOHNSON'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Johnson & Johnson (collectively, "Janssen") hereby give notice of removal of this action, captioned *The Board of County Commissioners of the County of Shawnee v. Allergan plc, et al.*, bearing case number 2020-cv-000216, from the District Court of Shawnee County, Kansas, to the United States District Court for the District of Kansas. Pursuant to 28 U.S.C. § 1446(a), Janssen provides the following statement of the grounds for removal:

## INTRODUCTION

1.      This action is one of thousands of related lawsuits filed against manufacturers of FDA-approved prescription opioid medications and distributors of opioid products relating to alleged harms stemming from abuse of opioid medications. On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for cases just like this one, *i.e.*, cases in which plaintiffs allege that "(1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017). As the JPML found in centralizing these cases, "centralization will substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions. Centralization will also allow a single transferee judge to coordinate with numerous cases pending in state courts." *Id.* at 1379. To date, more than 2,400 actions have been transferred to the opiate MDL, with more (including this action) sure to follow.

1

2.      A common thread in many opioid-related cases against these same defendants is plaintiffs tacking on unrelated claims against a rotating cast of non-diverse defendants—local doctors, medical centers, and others—in an effort to destroy diversity jurisdiction. That is the case here. Because none of the national pharmaceutical manufacturers or distributors typically named in opioid-related cases is a citizen of Kansas, Plaintiff tacked on claims against a single Kansas doctor accused of unlawfully prescribing opioid medications.

3.      Federal jurisdiction cannot be so easily evaded. Under settled precedent, when (as here) a plaintiff sues diverse defendants and includes materially distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.

4.      Thus, the basis for removal here is materially identical to hundreds of substantially similar opioid-related cases previously removed to federal court and transferred to the MDL: there is complete diversity of citizenship between the plaintiff, on the one hand, and the pharmaceutical manufacturers and distributors, on the other. The citizenship of the non-diverse prescriber should be ignored because he is subject to severance under Rule 21 (because he is an unnecessary and dispensable party under Rule 19 as well as misjoined under Rule 20), and is fraudulently misjoined.

5.      As discussed more fully below, there is federal diversity jurisdiction as to all properly joined Defendants. And, as numerous courts in opioid-related actions have recognized, judicial economy would be furthered if all removal questions were addressed by the MDL Court. Indeed, federal district courts in this Circuit have uniformly stayed cases like this one or otherwise deferred ruling on pending remand motions to allow transfer to the MDL so that the MDL court

4668760.1

can resolve jurisdictional questions that are common to hundreds of cases that have already been consolidated for coordinated proceedings.[1]  This Court should do the same here.

## BACKGROUND

6.      On March 19, 2020, Plaintiff, Shawnee County, filed a Petition in the District Court of Shawnee County, Kansas. On April 15, 2020, Plaintiff filed an Amended Petition against the following defendants:

a.      "Manufacturer Defendants" — Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Allergan plc f/k/a Actavis plc; Allergan USA, Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Teva Pharmaceutical Industries Ltd. (incorrectly named as "Teva Pharmaceutical Industries, Ltd." in the Amended Petition); Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical Companies, Inc.; Par

---

[1]    Over the last two years, dozens of substantially similar opiate suits brought by plaintiff cities and counties against the same core group of pharmaceutical manufacturers and distributors were removed to federal courts in the Tenth Circuit and subsequently transferred to the opiate MDL. *See e.g.*, *Bd. of Cty. Comm'rs of Noble Cty. v. Purdue Pharma L.P.*, No. 5:19-cv-01127 (W.D. Okla.); *Bd. of Cty. Comm'rs of Coal Cty. v. Purdue Pharma L.P.*, No. 6:19-cv-00405 (E.D. Okla.); *City of Santa Fe v. Purdue Pharma L.P. et al.*, No. 1:19-cv-01105 (D.N.M.); and *City of Albuquerque v. Purdue Pharma L.P. et al.*, No. 1:19-cv-01168 (D.N.M.). The overwhelming majority of these suits were removed on grounds identical to those raised here—namely, severance of dispensable and unnecessary parties pursuant to Federal Rule of Civil Procedure 21 and the doctrine of fraudulent misjoinder. In six of these cases, the courts recognized the significant efficiencies to be gained by allowing the MDL Court to uniformly decide similar jurisdictional questions and entered orders staying the cases pending a final decision on transfer from the JPML. *See Bd. of Cty. Comm'rs of Osage Cty. v. Purdue Pharma L.P.*, No. 18-CV-461-GKF-JFJ, 2018 WL 5973761 (N.D. Okla. Nov. 14, 2018); *Bd. of Cty. Comm'rs of Pawnee Cty. v. Purdue Pharma L.P.*, No. 18-CV-459-GKF-FHM, 2018 WL 5973752 (N.D. Okla. Nov. 14, 2018); *Bd. of Cty. Comm'rs of Delaware Cty. v. Purdue Pharma L.P.*, No. 18-CV-0460-CVE-JFJ, 2018 WL 5307623 (N.D. Okla. Oct. 26, 2018); *Bd. of Cty. Comm'rs of Seminole Cty. v. Purdue Pharma L.P.*, No. CIV-18-372-JWL, 2019 WL 1474397 (E.D. Okla. Apr. 3, 2019); *City of Ada v. Purdue Pharma L.P.*, No. 19-cv-00034-SPS (E.D. Okla. May 7, 2019), Dkt. 83; and *City of Jenks v. Purdue Pharma L.P.*, No. 19-cv-00380-JED-FHM (N.D. Okla. Aug. 29, 2019), Dkt. No. 60.

4668760.1

Pharmaceutical, Inc. (incorrectly named as "Par Pharmaceuticals, Inc." in the Amended Petition); Mylan N.V.; Mylan Pharmaceuticals Inc.; Mylan Institutional Inc.; Hikma Pharmaceuticals USA Inc. f/k/a West-Ward Pharmaceuticals Corp.; John Kapoor; and Michael Babich.

b.    "Distributor    Defendants"    —    Amerisourcebergen    Corporation; Amerisourcebergen Drug Corporation; Cardinal Health, Inc.; Cardinal Health 5, LLC; Cardinal Health 100, Inc.; Cardinal Health 110, LLC; Cardinal Health 122, LLC; Cardinal Health 132, LLC; Cardinal Health 200, LLC; Cardinal Health 414, LLC; and Cardinal Health Pharmacy Services, LLC.

c.    "Prescriber Defendant" — Steven Simon, M.D.

7.    The thrust of this Petition—like the others in the MDL—is that the Manufacturer Defendants engaged in a marketing and promotional campaign that misrepresented the risks and benefits of FDA-approved prescription opioid medications. (Am. Pet. ¶¶ 4-5, 68-197.) Specifically, Plaintiff alleges that the Manufacturer Defendants "engaged in a deceptive marketing scheme to increase profits," (*id.* ¶ 68), and enlisted nationally known physicians, who were "key opinion leaders" in their field, "to reiterate . . . false and misleading statements downplaying the risks and/or overstating the benefits of prescription opioids" (*Id.* ¶ 7). All of the Manufacturer Defendants are citizens of states or foreign states other than Kansas. (*Id.* ¶¶ 31-57.)

8.    As to the Distributor Defendants, Plaintiff alleges that they "willfully ignored . . . and failed to report these suspicious shipments" (*id.* ¶ 6), and "wrongfully and unreasonably contributed to opioid diversion." (*Id.*). The Plaintiff further alleges that the Distributor Defendants "breached their duties to Plaintiff despite this knowledge and longstanding regulatory guidance of how to deter and prevent diversion." (*Id.* ¶ 216). All Distributor Defendants are citizens of states other than Kansas. (*Id.* ¶¶ 58-60.)

9.     Plaintiff's allegations against the lone Prescriber Defendant—Steven Simon, M.D.—centers on entirely different alleged conduct. Plaintiff alleges that the Prescriber Defendant "prescribed—and, on information and belief, continues to prescribe—opioids to patients in amounts and/or dosages that a reasonable practitioner in like circumstances would not prescribe." (*Id.* ¶ 221). The Prescriber Defendant is allegedly a citizen of Kansas. (*Id.* ¶ 61.)

10.    The Petition asserts four counts against "all Defendants," though the claims appear to describe the purported conduct of only the Manufacturer and Distributor Defendants:  (1) public nuisance; (2) negligence; (3) negligence per se; and (4) unjust enrichment. The Petition also asserts counts for: (1) fraud; (2) fraud through silence; (3) negligent misrepresentation; and (4) negligent failure to warn against only the Manufacturer Defendants. (Am. Pet. ¶¶ 253-334.)

11.    The Petition was sent to Janssen on March 31, 2020, and Janssen received the Petition through service on April 3, 2020. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Janssen is attached hereto as **Exhibit 1**.

**VENUE AND JURISDICTION**

12.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 96, 1391, 1441(a), and 1446(a) because the District Court of Shawnee County, Kansas, where the Petition was filed, is a state court within the District of Kansas.

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

4668760.1

I.   **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL PROPERLY JOINED DEFENDANTS**

14.   There is complete diversity of citizenship here because Plaintiff is a Kansas citizen and all of the Manufacturer and Distributor Defendants are citizens of states or foreign states other than Kansas, *see infra* Part I.A; and the citizenship of the Prescriber Defendant is irrelevant for purposes of diversity jurisdiction, *see infra* Part I.B. This is because the Prescriber Defendant is severable under Federal Rule of Civil Procedure 21 and fraudulently misjoined.

A.   **Plaintiff Is Diverse from All Manufacturer and Distributor Defendants**

1.   **Plaintiff Is a Citizen of Kansas**

15.   Plaintiff is a Kansas citizen for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973) (holding that Alameda County is a California citizen for purposes of diversity jurisdiction); *Wilkins v. Kansas Dep't of Labor*, No. 6:12-CV-01363-JAR, 2013 WL 591767, at *2 (D. Kan. Feb. 14, 2013).

2.   **The Manufacturer and Distributor Defendants Are Not Kansas Citizens**

16.   For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A partnership is a citizen of every state in which its partners are citizens. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). A limited liability company is a citizen of every state in which its members are citizens. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

17.   Applying these principles, none of the Manufacturer or Distributor Defendants is a citizen of Kansas.

18.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (Am. Pet. ¶ 38.)

19.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (*Id.*)

20.     Defendant Allergan plc f/k/a Actavis plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. (*Id.* ¶ 31.)

21.     Defendant Allergan USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Madison, New Jersey. (*Id.*)

22.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company. Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey.

23.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.*) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*See id.*)

24.     Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a corporation organized under the laws of Delaware with its principal place of business in New Jersey. (*Id.*)

25.     Defendant Watson Laboratories, Inc. is a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*Id.*)

26.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania. (*Id.* ¶ 33.)

7

27.     Defendant Teva Pharmaceutical Industries Ltd is an Israeli corporation with its principal place of business in Petah Tikva, Israel. (*Id.*)

28.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania. (*Id.*)

29.     Defendant Par Pharmaceutical, Inc. is a corporation organized under the laws of New York with its principal place of business in New York. (*Id.* ¶ 41.)

30.     Defendant Par Pharmaceutical Companies, Inc. is a corporation organized under the laws of New York with its principal place of business in New York. (*Id.*)

31.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.* ¶ 43.)

32.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. (*Id.*)

33.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., now known as Janssen Pharmaceuticals, Inc., is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

34.     Defendant Janssen Pharmaceutica, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. (*Id.*)

35.     Defendant Mylan Institutional Inc. is a corporation organized under the laws of Illinois with its principal place of business in Rockford, Illinois. (*Id.* ¶ 47.)

36.     Defendant Mylan Pharmaceuticals Inc. is a corporation organized under the laws of West Virginia with its principal place of business in Pennsylvania. (*Id.*)

37.     Defendant Mylan Pharmaceuticals NV is a corporation organized under the laws of the Netherlands with its principal place of business in Hatfield, Hertfordshire, United Kingdom. (*Id.*)

38.     Defendant Hikma Pharmaceuticals USA Inc. f/k/a West-Ward Pharmaceuticals Corporation is a corporation organized under the laws of Delaware with its principal place of business in Eatontown, New Jersey. (*Id.* ¶ 50.)

39.     Defendant John Kapoor is a citizen of Arizona. (*Id.* ¶ 56.)

40.     Defendant Michael Babich is a citizen of Scottsdale, Arizona. (*Id.* ¶ 57.)

41.     Defendant AmerisourceBergen Corporation is a corporation organized under the laws of Delaware with its principal place of business in Chesterbrook, Pennsylvania. (*Id.* ¶ 58.)

42.     Defendant AmerisourceBergen Drug Corporation is a corporation organized under the laws of Delaware with its principal place of business in Chesterbrook, Pennsylvania. (*Id.*)

43.     Defendant Cardinal Health, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Dublin, Ohio. (*Id.* ¶ 59.)

44.     Defendant Cardinal Health 5, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Dublin, Ohio. (*Id.*) Its sole member is Cardinal Health, Inc., a corporation organized under the laws of Ohio with its principal place of business in Ohio.

45.     Defendant Cardinal Health 100, LLC is not correctly named in the Amended Petition.  Cardinal Health 100, Inc. is a corporation organized under the laws of Ohio with its principal place of business in Ohio.

46.     Defendant Cardinal Health 110, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Dublin, Ohio. (*Id.*) Its sole member is

Cardinal Health, Inc., a corporation organized under the laws of Ohio with its principal place of business in Ohio.

47.     Defendant Cardinal Health 122, LLC is a limited lability company organized under the laws of Delaware. (*See id.*) Its sole member is Cardinal Health 121, LLC. Cardinal Health 121, LLC's sole member is Cardinal Health 119, LLC, whose sole member is Cardinal Health, Inc., a corporation organized under the laws of Ohio with its principal place of business in Ohio.

48.     Defendant Cardinal Health 132, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Dublin, Ohio. (*See id.*) The sole member of Defendant Cardinal Health 132, LLC is Cardinal Health Pharmacy Services, LLC. The sole member of Cardinal Health Pharmacy Services, LLC is Cardinal Health, Inc., a corporation organized under the laws of Ohio with its principal place of business in Ohio.

49.     Defendant Cardinal Health 200, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Dublin, Ohio. (*Id.*) Its sole member is Allegiance Corporation, a corporation organized under the laws of Delaware with its principal place of business in Ohio.

50.     Defendant Cardinal Health 414, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Dublin, Ohio. (*Id.*) Its sole member is Cardinal Health 100, Inc., a corporation organized under the laws of Indiana with its principal place of business in Ohio.

51.     Defendant Cardinal Health Pharmacy Services, LLC is a Delaware limited liability company with its principal place of business in Houston, Texas. (*Id.*) Its sole member is Cardinal Health, Inc., an Ohio corporation with its principal place of business in Ohio.

52.     Accordingly, all of the Manufacturer Defendants and Distributor Defendants are citizens of states or foreign states other than Kansas.

**B.      The Citizenship of the Prescriber Defendant Should Be Ignored**

**1.      The Prescriber Defendant Should Be Severed Under Rule 21**

53.     Even where the face of a petition shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21. Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20. Here, the Prescriber Defendant should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants and Distributor Defendants.

54.     "[I]t is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction.]" *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (alterations in original) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)). Courts in this Circuit thus have held that "[w]hen a non-diverse defendant threatens to destroy federal jurisdiction in a given case, the court can sever and dismiss that defendant without necessarily dismissing the entire case." *Brin v. ACI Motor Freight, Inc.*, No. 13-cv-02035-RBJ, 2014 WL 1664889, at *2 (D. Colo. Apr. 23, 2014) (citing Fed. R. Civ. P. 21); *Jones v. Masterson*, No. 17-cv-00188-RBJ, 2017 WL 2532044, at *2-3 (D. Colo. June 12, 2017) (severing claims against non-diverse, dispensable defendant, and denying plaintiff's remand motion as to claims asserted against diverse defendant).

55.     *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009), is particularly instructive. There, the plaintiffs, citizens of Louisiana, brought a products liability

action against the out-of-state manufacturer of the drug Heparin. *Id.* at 870. Before the case was removed, the plaintiffs amended their complaint to add as defendants various non-diverse healthcare provider companies, alleging that they engaged in "negligent acts and omissions in the administration of Heparin." *Id.* at 871. Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand as to the diverse manufacturer defendant.

56.     The court reasoned that the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]." *Id.* at 872. The medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer. *Id.* And, the court explained, the healthcare provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court." *Id.* at 873. Given the separate factual basis for plaintiffs' medical malpractice claims against the healthcare providers, the court found that it could "sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]." *Id.* at 874.

57.     Numerous other courts have followed the same approach. *See, e.g.*, *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705-07 (D. Md. 2015); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012).

4668760.1

58.     Under a straightforward application of Rule 21, this Court should sever the Prescriber Defendant as unnecessary and dispensable to perfect diversity jurisdiction. Alleged joint tortfeasors like the Prescriber Defendant are unnecessary parties as a matter of settled law. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *Babb v. Mid-Am. Auto Exch., Inc.*, No. CIV.A. 06-2230-CM, 2006 WL 2714273, at *2-3 (D. Kan. Sept. 22, 2006) (declining to add permissive parties "even assuming . . . that joint and several liability applies); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1142 (N.D. Okla. 2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability.").

59.     Moreover, just like *Baxter* (and many other cases) in which the plaintiff's claims against the diverse defendants and non-diverse defendants were materially distinct, here Plaintiff's claims against the Manufacturer Defendants and Distributor Defendants are materially distinct from those against the Prescriber Defendant. Specifically, Plaintiff alleges that the Manufacturer Defendants misrepresented the risks and benefits of FDA-approved prescription opioid medications in marketing the medications as part of a coordinated campaign to deceive doctors and patients, (Am. Pet. ¶¶ 4-5, 68-197), and that Distributor Defendants "wrongfully and unreasonably contributed to opioid diversion." (*Id.* ¶ 6). By contrast, Plaintiff's allegations against the Prescriber Defendant do not relate to the marketing of opioid medications or a failure to monitor and report wholesale orders. Instead, Plaintiff alleges that the Prescriber Defendant "prescribed—and, on information and belief, continues to prescribe—opioids to patients in amounts and/or dosages that a reasonable practitioner in like circumstances would not prescribe. (*Id.* ¶ 221.) There is no material overlap between the factual allegations against the Manufacturer Defendants and Distributor Defendants, on the one hand, and the Prescriber Defendant, on the

other hand, as would make the Prescriber Defendant necessary or indispensable under Rule 19. Just like the non-diverse healthcare providers in *Baxter*, the Prescriber Defendant here is "not necessary . . . as the resolution of a claim against [it] would not necessarily resolve the . . . claim[s] against" the diverse Defendants. 614 F. Supp. 2d at 872.

60.     Beyond Rule 19, the claims against the Prescriber Defendant are also misjoined under Rule 20, which provides a distinct basis for severance. Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against diverse defendants. Fed. R. Civ. P. 20(a)(1)(A); *see also Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ. A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)." (citation omitted)). Courts in this Circuit and other circuits have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants arose from different transactions or occurrences.[2] Because of the distinct factual underpinnings of the claims against the different sets of defendants here, these claims cannot properly be joined together.

61.     Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio. Courts across the country have repeatedly recognized

---

[2]    *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502–05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683–84 (D. Nev. 2004); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6–7 (E.D. La. Sept. 10, 2014); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction. *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *Sutton*, 251 F.R.D. at 505 ("Plaintiffs' claims against the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum."); *Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will benefit from the MDL process:  they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-à-vis [the diverse manufacturer]."); *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside.").

62.     As one court explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer] to considerable prejudice. [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claim against [the manufacturer] in the MDL proceedings. For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug]." *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

63.     That Plaintiff asserts causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants (alleged misrepresentations in marketing and promoting opioid medications) and the

Distributor Defendants (failure to monitor and report suspicious order of opioid medications) are separate and distinct from the factual basis giving rise to Plaintiff's claims against the Prescriber Defendant (overprescription of opioid medications). *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). If Plaintiff wants to pursue claims against the Prescriber Defendant, Plaintiff has an adequate remedy in state court.  *See Baxter*, 614 F. Supp. 2d at 872.

### 2.    The Prescriber Defendant Is Also Fraudulently Misjoined

64.    As an alternative to severance under Rule 21, the citizenship of the Prescriber Defendant should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine. Fraudulent misjoinder, sometimes called procedural misjoinder, "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. Aug. 19, 2010) (internal quotation marks and citation omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

65.    The District of Kansas has severed non-diverse defendants using the doctrine of fraudulent misjoinder. *Atkins v. Heavy Petroleum Partners, LLC*, No. 14-4016-EFM-KGG, 2014

WL 4657105, at *15 (D. Kan. Sept. 17, 2014) (applying fraudulent misjoinder doctrine to sever non-diverse defendants). As explained above, Plaintiff's claims against the Prescriber Defendant arise from different transactions or occurrences than, and are thus misjoined with, the claims against the Manufacturer Defendants and Distributor Defendants.

66.     In opioid-related cases like this one, federal district courts have relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse physician defendants and deny remand based on diversity jurisdiction. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017); *but see Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order).

67.     Even if the Court finds that the Prescriber Defendant is not subject to severance under Rule 21, it should find the claims against the Prescriber Defendant to be misjoined under the fraudulent misjoinder doctrine.

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

68.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).

69.     Here, Plaintiff specifically alleges that under every cause of action, the Plaintiff is entitled to damages "in excess of $75,000." (Am. Pet. ¶¶ 279, 290, 302, 309, 315, 320, 327, 334). Plaintiff seeks "[c]ompensatory damages in a sum greater than $75,000" and "[a]n Order that Shawnee County is entitled to damages pursuant to the Kansas CFA in excess of $75,000". (*Id.* Prayer for Relief ¶¶ 7, 9.) It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.    This Notice of Removal Is Timely

70.     This Notice of Removal is timely filed. The Petition was sent to Janssen on March 31, 2020, and Janssen received the Petition through service on April 3, 2020. Because Janssen filed this Notice of Removal on April 30, 2020, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

### B.    All Properly Joined and Served Defendants Consent to Removal

71.     For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

72.     The following properly served Defendants consent to removal, as indicated by their signing below: Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Allergan USA, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Par Pharmaceutical Companies, Inc.; Par Pharmaceutical, Inc.; Mylan Pharmaceuticals Inc.; Mylan Institutional Inc.; Hikma Pharmaceuticals USA Inc. f/k/a West-Ward Pharmaceuticals Corp.; John Kapoor; AmerisourceBergen Corporation; AmerisourceBergen Drug Corporation; Cardinal Health, Inc.; Cardinal Health 5, LLC; Cardinal Health 100, Inc.; Cardinal

Health 110, LLC; Cardinal Health 122, LLC; Cardinal Health 132, LLC; Cardinal Health 200, LLC; Cardinal Health 414, LLC; and Cardinal Health Pharmacy Services, LLC. By consenting to removal, the Defendants listed in this paragraph expressly reserve, and do not waive, all available defenses, including those related to service of process and personal jurisdiction, or any other defenses.

73.     The following Defendants have not been served or properly served, and thus their consent to removal is not required: Allergan plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Teva Pharmaceutical Industries Ltd.;[3] Mylan N.V.; Michael Babich. Nevertheless, they consent to removal. The Defendants listed in this paragraph expressly reserve, and do not waive, all available defenses, including those related to service of process and personal jurisdiction, or any other defenses.

74.     The Prescriber Defendant is not properly joined in this action, and thus his consent to removal is not required.

75.     By filing this Notice of Removal, neither Janssen nor any other defendant waives any defense that may be available to them and reserves all such defenses, including but not limited to lack of personal jurisdiction. If any question arises as to the propriety of the removal to this Court, Janssen requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

---

[3]    Teva Pharmaceutical Industries Ltd. ("Teva Ltd") is a foreign Israeli company and it is not subject to personal jurisdiction in the United States. Teva Ltd. disputes that it has been properly served in this action and expressly reserves all defenses, including those related to personal jurisdiction and service of process.

## CONCLUSION

WHEREFORE, Janssen hereby removes this action from the District Court of Shawnee County, Kansas, to the United States District Court for the District of Kansas.

DATED: April 30, 2020

Respectfully submitted,

*/s/ Sandra J. Wunderlich*
Sandra J. Wunderlich (#15722)
TUCKER ELLIS LLP
100 South 4th Street, Suite 600
St. Louis, MO 63102
Telephone   314.256.2550
Facsimile:   314.256.2549
E-mail:   sandra.wunderlich@tuckerellis.com

**ATTORNEYS FOR DEFENDANTS
JANSSEN PHARMACEUTICALS, INC.,
ORTHO-MCNEIL JANSSEN
PHARMACEUTICALS, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC.,
JANSSEN PHARMACEUTICA, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC.,
AND JOHNSON & JOHNSON**

4668760.1

**Consent to removal on behalf of Defendants**:

*/s/ Donna Welch*
Donna Welch, P.C.*
Timothy Knapp P.C.*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
jennifer.levy@kirkland.com

* Denotes counsel seeking *pro hac vice* admission

**COUNSEL FOR ALLERGAN USA, INC.**

*/s/ Sean Morris*
Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4222
Sean.Morris@arnoldporter.com

**Attorneys for Defendants**
**ENDO HEALTH SOLUTIONS INC. and**
**ENDO PHARMACEUTICALS INC.**

*/s/ Sean Morris*
Sean Morris
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4222
Sean.Morris@arnoldporter.com

**Attorneys for Defendants**
**PAR PHARMACEUTICAL COMPANIES, INC.**
**and PAR PHARMACEUTICAL, INC.**

*/s/ Todd A. Nelson*
Todd A. Nelson, No. 16028
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone: (918) 595-4800
Facsimile: (918) 595-4990
tnelson@gablelaw.com

**ATTORNEY FOR DEFENDANTS TEVA
PHARMACEUTICALS USA, INC.,
CEPHALON, INC., ACTAVIS PHARMA,
INC. F/K/A WATSON PHARMA, INC.,
ACTAVIS LLC, AND WATSON
LABORATORIES, INC.**

*/s/ Brian C. Fries*
Brian C. Fries (KS #15889)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
brian.fries@lathropgpm.com

Adam K. Levin*
Rebecca C. Mandel*
Carolyn A. DeLone*
HOGAN LOVELLS US LLP
555 13th St. NW
Washington, DC 20004
Tel: (202) 637-5600
adam.levin@hoganlovells.com
rebecca.mandel@hoganlovells.com
carrie.delone@hoganlovells.com

* Denotes counsel seeking *pro hac vice* admission

**ATTORNEYS FOR MYLAN N.V., MYLAN
PHARMACEUTICALS INC. AND MYLAN
INSTITUTIONAL INC.**

_/s/ Jason L. Bush_
Jason L. Bush, KS # 18299
Brendan L. McPherson, KS #23771
POLSINELLI
900 W. 48th Place. Suite 900
Kansas City, MO 64112
Tel: 816.753.1000
Fax: 816.753.1536
jbush@polsinelli.com
bmcpherson@polsinelli.com

Brian T. Kelly*
Mark T. Knights*
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109-2835
(617) 345-1000
Fax No: (617) 345-1300
* Denotes counsel seeking _pro hac vice_ admission

**ATTORNEYS FOR DEFENDANT JOHN N. KAPOOR**

_/s/ Sean M. Sturdivan_
Sean M. Sturdivan KS #21286
Tyler M. Waugh KS #28108
SANDERS WARREN RUSSELL & SCHEER LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: t.waugh@swrsllp.com

Christopher B. Essig*
Scott M. Ahmad*
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
cessig@winston.com
sahmad@winston.com

* Denotes counsel seeking _pro hac vice_ admission

**ATTORNEYS FOR HIKMA PHARMACEUTICALS USA Inc. f/k/a WEST-WARD PHARMACEUTICALS CORP.**

23

4668760.1

*/s/ Kara T. Stubbs*
Kara T. Stubbs KS # 15805
BAKER STERCHI COWDEN & RICE LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816)471-2121
Facsimile: (816) 472-0288
stubbs@bscr-law.com

**ATTORNEY FOR DEFENDANTS
AMERISOURCEBERGEN DRUG
CORPORATION and
AMERISOURCEBERGEN CORPORATION**

*By: /s/ Brian M. Nye*
Brian M. Nye, #24094
ARMSTRONG TEASDALE LLP
2345 Grand Blvd., Suite 1500
Kansas City, MO 63108
(816) 221-3420
(816) 221-0786 (facsimile)
bnye@atllp.com

Julie Fix Meyer*
Sarah Harmon*
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847
(314) 621-5070
(314) 621-5065 (facsimile)
jfixmeyer@atllp.com
sharmon@atllp.com

**ATTORNEYS FOR DEFENDANTS
CARDINAL HEALTH, INC.
CARDINAL HEALTH 100, INC.
CARDINAL HEALTH 5, LLC
CARDINAL HEALTH 110, LLC
CARDINAL HEALTH 122, LLC
CARDINAL HEALTH 132, LLC
CARDINAL HEALTH 200, LLC
CARDINAL HEALTH 414, LLC
CARDINAL HEALTH PHARMACY
SERVICES, LLC**

*Denotes counsel seeking *pro hac vice* admission

4668760.1